Judge Owsley
delivered the opinion.
This writ of error is prosecuted to a jndgment rendered against Voorhies. in an actiou of ejectment, brought by hint ⅛ the circuit court against Bridgetord.
The right of eir rv in mx elder aulsiaix*, dnig- paten-tee» is not toiled l<\ an adverse possession ff more than 20 ye ;us i t’ a part of the ‘and covered by such elder patent, except so fur astheadverse possession exverded— nor n* cd the tenant in possession shew any privity between h-m-self* and such outstanding > patentee.
Voorhies asserted claim to the land in contest under a patent which issued from the commonwealth to Uriah Mallory, and after exhibiting a regular chain of title from the patentee to himself, and proving the patent, to Mallory in-eluded the land in contest, and that be, and those through whom he elaims, have been in the possession and continued occupancy of part of the land granted to Mallory, for mere than twenty years before the commencement of the ejeet meni: The defendant, Bridgeford, introduced as evidence the grant of the commonwealth to Stewart and Morgan for forty thousand acres of elder date than the grant to Mallory, which was admitted to include the whole of the land contained in Mallory’s grant, but neither Stewart or Morgan, nor any one claiming under them, have ever bad possession of any part of the laud included within the grant-to Mallory; nor did the defendant, Bridgeford, shew any title under Stewart or Morgan, or in any manner connect his possession with the elder grant, or shew any privity of estate or possession under it.
To the giving in evidence the patent to Stewart and Morgan, Voorhies objected; but his objections were overruled, and the patent read in evidence; and upon the motion of the defendant, the court instructed the jury, that the patent to Stewart and Morgan was such a subsisting title out of the plaintiff as would bar his action; and further instruQt-ed them to find as In case of a nonsuit. Exceptions were taken to the opinions of the court, and the evidence spread upon the record.
This court perceives no solid objection to the opinions of that court. The patent to Stewart and Morgan, being the first that issued from the .commonwealth- for the land in contest, must, of necessity, have vested in them a right of entry in the land; and unless that right of entry has, either front length of lime, or in some other way, been tolled or defeated, it must be supposed still to reside in them, and if so, as has been repeatedly held by this court, it was competent for the defendant to introduce the patent as evidence, for the purpose of shewing that the plaintiff, under the patent of Mallory, gained no right of entry. Nor can the possession, which the plaintiff, and those under whom he claims, is proven to have held, be construed to effect Stewart and Morgan’s right of entry in the land now in contest. That possession, as it appears to have been continued for upwards of twenty years, may, to its full exteuf, *28 have tolled Stewart and Morgan’s right of entry; but that possession appears to have been only of part of tne land ⅛-c'-uded iu the patent of Mallory, and is not shewn to extend over any par¡ of the land now in contest; and from the circumstance of this suit having been brought to recover the possession from the defendant, for so much as the defendant ¡s ^possessed, the possession of those claiming under Mallory, cannot be supposed to include. The possession of those claiming under Mallory, therefore, although continued for twenty years, cannot have tolled Stewart and Morgan’s right of entry in the land in contest, and consequently their title must, as was held by the court below, b* considered such a subsisting title as to bar the plaintiff from recovering the possession oí iheland.
Bibb and Crittenden for plaintiff.
it results, therefore, that the court not only decided correctly in admitting the patent to be given in evidence, and in instructing the jury that the title of Stewart and Morgan was such a subsisting title as would bar the plaintiff’s recovery, but decided correctly also in instructing the jury to find as in case of a nonsuit.
The judgment must be affirmed with costs.